FOSTER, *Plaintiff in Error*, v. KENRICK.

**Administration:** ACTION FOR WASTE AFTER FINAL SETTLEMENT. A petition in an action brought against an administrator by a distributee, after final settlement, to charge him for waste and mismanagement of the estate, is fatally defective, if it fails to state that there are no creditors, and that the property alleged to have been wasted was not applicable to the payment of debts. (Wag. Stat., p. 118, § 6.)

*Appeal from Mississippi Circuit Court.*—HON. D. L. HAWKINS, Judge.

AFFIRMED.

*J. D. Foster pro se.*

*Waide & Dennis* for defendant in error.

NORTON, J.—The only question presented in this case is as to the propriety of the action of the circuit court in sustaining a demurrer to plaintiff's petition. The petition is as follows: "Now, at this day, comes the plaintiff and for his amended petition states that in the year 1865 one James Stanley departed this life, and left as his only child and heir-at-law, one John Stanley, who, in the year 1870, assigned in writing and transferred to John D. Foster all his right, title and interest in and to the estate of James Stanley, deceased, either real, personal or mixed, so the plaintiff says that he is interested in said estate. Plaintiff further states that in the year 1876 the defendant, as administrator of said estate, made a final settlement of his administration of said estate before the probate court of Mississippi county, Missouri, which court was one of competent jurisdiction, on which settlement said estate was found to be insolvent. Plaintiff further states that defendant while acting as such administrator of said estate was guilty of waste and mismanagement of said estate, in this, that on the 2nd day of February, 1866, the defendant received into his hands the sum of $194.41, money had

and received by the defendant from the plaintiff, as attorney, which said sum was the assets of said estate, which will more fully appear by reference to the receipt of said defendant of said date herewith filed.  Plaintiff further states that defendant failed, neglected and refused to account for said sum in any of his annual or final settlements of said estate.  So the plaintiff says that defendant, as such administrator, was guilty of waste and mismanagement of said estate, of said sum of $194.41, with interest from the 2nd day of February, 1866, which sum and the interest are due this plaintiff, and for which he asks judgment."

Waiving the question as to whether the defendant, after making his final settlement as administrator, could be sued for failing to account in such settlement for assets which had come into his hands, we think that the petition is fatally defective in not stating that there were no creditors of the estate, and that the fund which defendant is charged with having wasted, was not applicable to the payment of any debt due from the estate.  Plaintiff, as the representative of the only heir and distributee of the intestate, would only be entitled to the fund for which he sues in the event that the fund was not necessary to pay debts, and would not have been applicable to that object had the administrator accounted for it in his settlements. Wag. Stat., § 6, p. 118.  The petition not only lacks this necessary averment to show plaintiff's right to sue, but inferentially shows, from the statement, that the estate was found to be insolvent on final settlement, that the estate was in debt, and that the fund claimed by plaintiff was necessary to pay debts, and if necessary to pay debts, then plaintiff, as a distributee, had no interest in it, he being entitled as such distributee only to what is left after the payment of debts.  Judgment affirmed, in which all concur.